UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER RAMIREZ,<br><br>   Petitioner,<br><br>v.<br><br>SHERRY YATES, et al.,<br><br>   Respondents. | Civ. No. 14-8075 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Javier Ramirez, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Ramirez challenges his 2005 convictions for criminal sexual contact and attempted sexual assault. The respondents have filed a response in opposition to the habeas petition asserting that the petition is time-barred. For the reasons expressed below, the habeas petition will be denied because it was not filed within the one-year limitations period.

## II.   BACKGROUND

Following a jury trial, Mr. Ramirez was convicted of criminal sexual contact and attempted sexual assault. Mr. Ramirez was sentenced to eighteen months imprisonment on the criminal sexual contact conviction to run concurrently with his ten-year sentence on his attempted sexual assault conviction. Mr. Ramirez filed a direct appeal in the New Jersey Superior Court, Appellate Division, which affirmed the judgment and conviction on October 17, 2007. The New Jersey Supreme Court denied certification on Mr. Ramirez's direct appeal on February 19, 2008. Mr. Ramirez did not file a petition for writ of certiorari to the United States Supreme Court.

On March 29, 2010, Mr. Ramirez filed a petition for post-conviction relief ("PCR") in state court. That petition was denied on February 10, 2012. The Appellate Division then affirmed that denial on June 6, 2014. The New Jersey Supreme Court denied certification on November 14, 2014. *See State v. Ramirez*, 220 N.J. 99, 103 A.3d 266 (2014).

Mr. Ramirez then filed this federal habeas petition in December, 2014. The habeas petition itself is not dated. However, Mr. Ramirez dated his accompanying application to proceed *in forma pauperis* on December 15, 2014, so the petition cannot have been filed any earlier than that. Pursuant to the prisoner mailbox rule, December 15, 2014, is the date that Mr. Ramirez's habeas petition is deemed filed. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n. 2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").

Respondent filed a response in opposition to the habeas petition in which it argues that the habeas petition is untimely. Mr. Ramirez did not file a reply.

### III.  DISCUSSION

Respondent argues that the habeas petition should be denied because it is untimely. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] A state-court criminal

---

[1] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers,* 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999). *also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'). In particular, when a defendant does not file a petition for certiorari with the United States Supreme Court, AEDPA's 1-year limitations period starts to run when the 90-day period for seeking certiorari expires. *See Gonzalez v. Thaler,* 132 S. Ct. 641, 653 (2012); *Clay v. U.S.,* 537 U.S. 522, 532 (2003); *Morris,* 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. SUP. CT. R. 13 (90-day deadline to petition for certiorari).

The New Jersey Supreme Court denied certification on Mr. Ramirez's direct appeal on February 19, 2008. As Mr. Ramirez did not seek certiorari from the United States Supreme Court, his judgment became final ninety days thereafter, or on May 19, 2008. The one year habeas deadline began to run then. He did not file this federal habeas petition, however, until over six years later, on December 15, 2014. Therefore, unless the limitations period is tolled, Mr. Ramirez's habeas filing is untimely.

---

> the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

3

A. <u>Statutory Tolling</u>

The filing of a PCR petition may statutorily toll (*i.e.,* suspend) the running of the 1-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). However, Mr. Ramirez did not file his PCR petition until March 29, 2010, approximately 22 months after his judgment became final on May 19, 2008. Accordingly, when he filed his PCR petition, the one year habeas limitations period had already expired.

A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired. *Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo* No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition."). Statutory tolling, then, does not render this petition timely.

B. <u>Equitable Tolling</u>

A petitioner also may be able to overcome the time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling [of the AEDPA statute of

4

limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 89 (3d Cir. 2013). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy,* 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano,* 712 F.3d 784 (3d Cir. 2013) (citing *Pabon,* 654 F.3d at 399; *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. [citing *Holland v. Florida,* 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler,* 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon,* 322 F.3d 768, 774 (3d Cir. 2003).

*Ross,* 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones,* 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

5

Mr. Ramirez's conviction became final on May 19, 2008. He filed his PCR petition over twenty-two months later, on March 29, 2010, and he filed his habeas petition on December 14, 2014. Mr. Ramirez has filed no reply to the respondent's contention that his habeas petition is untimely. Nothing in his filings implies that he exercised reasonable diligence, or that some extraordinary circumstance obstructed the filing of his claims. Nothing in the record suggests that the interests of justice would be served by addressing the merits of the habeas petition. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, equitable tolling does not apply and the habeas petition will be denied as untimely.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons discussed above, Mr. Ramirez has not met this standard. This Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition is denied as untimely and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED: November 3, 2016

KEVIN MCNULTY
United States District Judge